THE BUFFALO CHEMICAL WORKS, Respondent, *v.* THE BANK OF COMMERCE in Buffalo, Appellant, Impleaded with Others.

*Action quia timet — when maintainable — when a receiver will be appointed — right of a mortgagee, as against junior lienors, to enforce his lien.*

To entitle a party to maintain an action in the nature of a bill of peace to prevent a multiplicity of suits, it must be clear that there is a right claimed or asserted which affects many persons who are made parties, and for the support of an action of that character it is essential that there be in the controversy some relation, interest or question common to the parties, and which may be settled or disposed of in the action, in which case several may unite as plaintiffs or the action may be brought by one against several defendants.

A receiver may and generally will be appointed where a plaintiff has a cause of action, and his recovery is probable, the benefit of which will be lost or greatly impaired unless a receiver is appointed.

Except under peculiar circumstances an order will not be granted enabling those having subordinate interests in property to obtain relief, while denying to a creditor having the senior specific lien the right to execute it in the manner provided by law.

As a general rule a mortgagee is entitled to the full benefit of the lien of his mortgage with the right to make it available without embarrassment from those having subordinate interests, other than such as arises from a defense interposed in the action brought to enforce the mortgage by means of a judicial decree.

APPEAL by the defendant, The Bank of Commerce in Buffalo, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 16th day of October, 1893, appointing a receiver of the property, real and personal, of the defendant The Genesee Oil Works, Limited, restraining the prosecution of actions against it and granting other relief.

The Genesee Oil Works, Limited, was a partnership association created pursuant to the laws of the State of Pennsylvania. It had $150,000 capital stock, and the defendants Joseph C. Bright and William H. Bright were subscribers for most of it.

The association acquired certain real estate in the city of Buffalo, erected works thereon and proceeded in the business of refining oil and making wax and other oil products. On June 14, 1893, it made a general assignment in trust for its creditors to the defendant Farnham.

The indebtedness of the association was then large, and the plain-

tiff alleges that, after the assignment was made, it and nine defendants, who are creditors, commenced actions against the association to recover the amounts of their respective claims against it; that, in many of them, attachments were issued and levied upon the property of the association, and in most of them judgments were recovered for sums specifically mentioned and amounting in the aggregate to about $150,000, and that upon the judgments so recovered executions were delivered to the sheriff of Erie county and were by him levied upon its property. One of such judgments was that of the plaintiff for $1,071.73.

The interest of defendants Mosher and Fitzpatrick was that of lienors given them by filing a lien on the property of the association for work amounting to $1,500, and the interest and claim of the defendant Stillwell, Pierce & Smith Vaile Company for $2,265 were of the same character.

The defendants Simens and the Markle Bank and Trust Company were creditors at large of the association preferred in its assignment. The defendant Hodgson was a stockholder of the association. The defendant Columbia National Bank and the Commercial Bank were creditors at large of the association, and Beck, as sheriff of Erie county, is a party defendant.

The plaintiff alleges that the association is indebted to the defendant, the Bank of Commerce of Buffalo, in about the sum of $200,000; that the association made to that bank two mortgages upon its real estate. One of them, of date of August 11, 1890, to secure the payment of its commercial paper, and that on which it should be liable as a party to the amount of $75,000, and the other, of date of June 13, 1893, for a like purpose and to the amount of $60,000.

That the defendant Joseph C. Bright was an indorser of some of the paper of the association, and that in April, 1893, it made a chattel mortgage upon its personal property to a person in trust for him, and to secure him against liability on its paper, upon which he was chargeable and held by the defendant, the Bank of Commerce and others mentioned. And it is alleged that such chattel mortgage remained in escrow until a certain arrangement was made between the association and the defendants Bank of Commerce, Columbia National Bank and the Commercial Bank and particularly mentioned and which is alleged to have, if effectual, been beneficial to the

defendant Joseph C. Bright; that thereupon the chattel mortgage was delivered up to the association and canceled. And that such arrangement was not observed by the defendant, the Bank of Commerce, but that in violation of it such defendant obtained from the association the mortgage for $60,000 before mentioned.

The plaintiff also alleges that a question has arisen whether the assignment to defendant Farnham is valid; that a question has also arisen as to whether or not the mortgages made by the association to the defendant, the Bank of Commerce, are valid, and whether or not the defendant Joseph C. Bright is, as against that bank, entitled to have the chattel mortgage before mentioned restored and treated as an equitable lien paramount to any interest the bank can acquire to the property under the latter mortgage, and that the premises, plant and machinery and tools of the association, if sold together, will produce a much larger sum than can be realized from sale of the property separately.

The relief demanded is that the general assignment of the association be adjudged invalid; that the defendants, and each of them, be enjoined from prosecuting any action against it and interfering with its property; that a receiver be appointed and authorized to sell the property, and that after paying the plaintiff's judgment the proceeds be brought into court.

The defendant, the Bank of Commerce, by its answer, put in issue some of the matters alleged in the complaint. It does not appear by the record that any other defendant has answered the complaint. Before the order appealed from was made the Bank of Commerce had commenced an action in this court to foreclose its two mortgages, and the plaintiff and all the defendants in this action, except Joseph C. Bright, Simens, the Markle Banking and Trust Company and the Columbia National Bank of Buffalo, are, with others, made defendants. The Bank of Commerce in Buffalo alone appeals.

*George Clinton* and *Adelbert Moot*, for the appellant.

*Seward A. Simons* and *John G. Milburn*, for the respondent.

BRADLEY, J. :

It may be that a leading purpose of the action is to restrain the defendant, the Bank of Commerce, from proceeding to the fore-

closure of its mortgages against the property of the Genesee Oil Works, Limited. At all events, as here treated, the main question is whether the plaintiff is fairly entitled to the order thus enjoining that defendant.

The plaintiff is a judgment creditor of the Genesee Oil Works, Limited, to the amount of about $1,000. Execution issued upon the judgment has been levied upon the property of that association. And, as appears by the complaint, it is the second lien by levy upon its property. The only one prior to it, other than certain bank mortgages, is that in behalf of another creditor for $19,000. The executions in both cases are still held by the sheriff, and the only thing in the way of realizing from the property by sale of it upon such processes is the general assignment made by the association in trust for its creditors to the defendant Farnham. The plaintiff does not allege that the bank mortgages upon the real estate of the association are invalid.

They are prior to the lien of the plaintiff's judgment, and whatever rights it has taken by the levy of its attachment and execution upon the mortgaged property are subordinate to the lien of those two mortgages. Therefore, presumptively, there is no support for the plaintiff's attempt to interrupt the proceedings or action of the defendant to foreclose them.

But it is said that this action is one in the nature of a bill of peace to prevent a multiplicity of suits. To entitle a party to maintain such an action it must be clear that there is a right claimed or asserted which affects many persons, who are made parties, and for the support of an action of that character it is essential that there be in the controversy some relation, interest or question common to the parties, and which may be settled or disposed of in the action. Then several may unite as plaintiffs or one against several as defendants. (*Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 17 N. Y. 592; *National P. Bank* v. *Goddard*, 131 id. 494.)

It may be seen that the creditors of the Genesee Oil Works had an interest in common in the question of the validity of its general assignment. In this question the defendant, the Bank of Commerce, concurred with the plaintiff and alleged that the assignment was made with the intent to hinder, delay and defraud the creditors of

the assignor. And that defendant as a creditor, beyond and aside from the amount secured by its mortgages, may have an interest in being relieved from the effect of the assignment. But as both of the mortgages are prior in lien to the assignment, the security given by them are not in any manner affected by it. And as the liens and interests of the other parties, so far as relates to the mortgaged property, are subordinate to the lien of the mortgages of the Bank of Commerce, there can be in the legal sense no interest of the other creditors in common or otherwise in conflict with that of the bank as such mortgagee.

It is, however, alleged that by the sale separately of the real estate covered by the mortgages and the personal property used in the business of the association for its purposes, the property as a whole will produce much less proceeds than would a sale of it all together or at one time. This may be so, and that is a question in which the other creditors have an interest in common. But is that a reason for denial to the mortgagee of its right to proceed in the foreclosure of its mortgages in the usual manner? Although our attention is called to no cases in which for that reason support has been given to such a proposition, it is unnecessary to hold that there may not be cases where relief of that character may properly be granted.

A receiver may and generally will be appointed where a plaintiff has a cause of action, his recovery probable, and the benefit from recovery will be lost or greatly impaired unless a receiver is appointed.

As the Genesee Oil Works is insolvent, and in view of the situation the appointment of a receiver of its property and direction to sell it may, so far as relates to the property embraced within the general assignment of that association, be justified. Then the distribution of the proceeds may await the determination of the question whether it be made by the assignee as directed in the assignment, or amongst the creditors in the order of the levy of their attachments and executions or of the liens of their judgments.

This may rest upon sound reason. But none well sustained is seen for shutting off the right given to the bank by its mortgages to enforce the prior lien of them by foreclosure and thus place it in a position where it may be compelled to enter into a contest for the

proceeds to which it may be entitled. It certainly would be a remarkable case, and require a necessity which does not exist in that under consideration, which should enable those having subordinate interests in property to obtain relief which would deny to a creditor having the senior specific lien the right to execute it in the manner provided by law.

By the contract incident to his mortgage, and recognized by law, the right of a mortgagee on default in payment is to proceed to judicial sale of the property covered by it, if he is entitled to judgment to that effect, and if he is not the infirmity or limitation of it as security is matter of defense available to any party defendant or to any person who, having the right to defend, may become such party. (*Hall* v. *Fisher*, 1 Barb. Ch. 53; *Savage* v. *Allen*, 54 N. Y. 458; *Town of Venice* v. *Woodruff*, 62 id. 462.)

The property covered by the mortgages must necessarily be sold separately. And if the receiver has power or direction to sell the other property of the association he, if deemed desirable, may do so at the time the sale is made pursuant to the decree of foreclosure of the mortgages, and thus may be accomplished the result which it is claimed on the part of the plaintiff will be the most beneficial for the creditors of the association, or the receiver may be permitted to sell all of its property subject to the lien of the mortgages and without prejudice to the right of the bank to proceed to judgment of foreclosure and sale. Then, if so advised, the purchaser may be at liberty before such judicial sale to redeem the mortgaged property from the lien of the mortgages by payment, and thus perfect his title. At all events the mortgagee is entitled to the full benefit of the lien of his mortgages with the right to make it available without embarrassment from those having subordinate interests, otherwise than in the defense of the action brought to enforce it by means of judicial decree.

The order appealed from, so far as it restrains, enjoins or prevents the defendant, the Bank of Commerce, from prosecuting its or any action to foreclose its mortgages on the property of the Genesee Oil Works, Limited, and the sale thereof pursuant to judgment which it may obtain, and so far as it authorizes or directs the receiver to sell the mortgaged property free from the lien of the mortgages, and so far as any of its provisions are consistent only

with such authority, direction or purpose and designed to effectuate it, should be reversed, with costs, in other respects affirmed and modified accordingly.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order appealed from in the particulars designated in the opinion reversed, with ten dollars costs and disbursements to the appellant, in other respects the order is affirmed.