SEDGWICK v. SEWARD DEVELOPMENT CO. et al.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

1. CORPORATIONS (§ 320*)—REPRESENTATIVE ACTION BY STOCKHOLDER—APPOINTMENT OF RECEIVER—GROUNDS.

A charge of fraud inducing stockholders to purchase stock is irrelevant in a representative action by one of such stockholders on behalf of the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 320.*]

2. CORPORATIONS (§ 553*)—RECEIVERS—APPOINTMENT—GROUNDS.

Where the directors of a corporation intrusting the capital to a director, repudiated his unlawful acts when discovered, compelled a partial restoration by him, undertook to institute criminal proceedings against him, and removed him from his position as treasurer and general manager, and no further waste was threatened, and the stockholders appointed a committee, not including any of the directors, to preserve the assets, the court, in a representative action by a stockholder, should not appoint a receiver, especially when the good faith of the plaintiff is in doubt.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 553.*]

Appeal from Special Term, New York County.

Action by Alexander Sedgwick against the Seward Development Company and others. From an order appointing a temporary receiver of defendant corporation, it appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Hardie B. Walmsley, for appellant.
William F. Goldbeck, for respondent.

MILLER, J. This is a representative action by a stockholder of a foreign corporation. The motion for the appointment of a receiver was granted by default, on a verified complaint, and on affidavits of the plaintiff, containing broad general statements made on knowledge, though it plainly appears that many of the facts stated could not have been within the knowledge of the affiant. Upon the opening of the default the court ordered the original motion heard forthwith, and thereupon made the order appealed from.

[1] It is charged that the defendants made false representations to induce the plaintiff and others to purchase stock, that they unlawfully caused common and preferred stock to be issued, the latter as a bonus to purchasers of the former, that they paid dividends out of capital, and that they negligently intrusted the entire capital of the corporation to the defendant Cutler who misappropriated a large part of it. The charge of fraud in inducing the purchase of stock may be eliminated as irrelevant to a representative action on behalf of the corporation, and it may well be doubted whether a party who received and retains stock issued as a bonus, and his share of dividends illegally declared, can maintain an action in behalf of the corporation in respect thereto. It is not denied that there are no creditors of the corporation.

[2] With respect to the charge of negligently intrusting the capital to the defendant Cutler, it appears that his codirectors repudiated his unlawful acts when discovered, succeeded in compelling a partial restoration, undertook to institute criminal proceedings against him, and removed him from his position as treasurer and general manager. The only purpose of appointing a receiver in a case like this is to preserve assets. The plaintiff failed to show that further waste was threatened; but, on the contrary, it appeared that the stockholders have held a meeting and appointed a committee, not including any of the defendants, for the very purpose of preserving the assets of the corporation. They should be allowed, if they can, to do that, without having the expense of a receivership unnecessarily imposed upon them. The assets of the corporation belong to the stockholders and the court should not take possession through its receiver, unless a plain case of necessity be shown.

The appointment of a receiver will not help the plaintiff to prosecute his suit. Moreover, the complaint contains averments which tend at least to cast doubt upon the good faith of the plaintiff, who complains of the removal of the said Cutler, and of the attempt to have him indicted. Cutler was concededly the active wrongdoer in wasting the funds of the corporation, and it is quite possible that this suit has been instigated by him in order to embarrass those who have removed him from the management of the corporation and compelled him, in part at least, to make restitution. The plaintiff complains of some plan of reorganization, proposed by the stockholders' committee, but fails to show what that has to do with the prosecution of this action against directors for waste.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

STURGES & BURN MFG. CO. v. AMERICAN SEPARATOR CO.

(Supreme Court, Appellate Division, Third Department.   May 3, 1911.)

SALES (§ 175*)—RESCISSION BY BUYER—REVOCATION.

    Where the seller of goods, though notified by the purchaser that he will not accept further deliveries under the contract, yet tenders such deliveries, which are accepted and paid for, but does not succeed in delivering the full contract amount, he cannot claim that he was prevented by the purchaser's rescission from completing the contract; the acceptance of part of the goods after notice of rescission being a revocation thereof.

    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 175.*]

    Houghton, J., dissenting.

Appeal from Special Term, Chenango County.