## KETCHAM v. PROVOST et al.

(Supreme Court, Appellate Division, First Department.   December 1, 1911.)

1. RECEIVERS (§ 16*)—APPOINTMENT.
   A receiver may not be appointed to conserve personal property merely for the asking, but facts must be presented showing necessity therefor in order to render effectual a final judgment in plaintiff's favor for the relief demanded in the complaint.
   [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 24, 28; Dec. Dig. § 16.*]

2. RECEIVERS (§ 16*)—APPOINTMENT—SHOWING.
   Plaintiff's husband transferred certain securities to plaintiff, the income to be used to support plaintiff and her children, who, at plaintiff's death, were to have the principal.  The husband engaged in certain stock speculations through defendants, and plaintiff was induced to deposit such securities with defendant as security for her husband's account on defendants' alleged representation that they would redeliver same to plaintiff on two weeks demand, and would not undertake further speculative transactions on her husband's account.  Plaintiff alleged a breach of such agreement, and defendants' refusal to surrender the securities in accordance with the notice, and that defendants had parted with possession of certain of the securities by repledging them.  Defendants denied the alleged agreement to redeliver the securities on two weeks notice or to discontinue speculative transactions on the account of her husband, alleged that they were amply able to pay for the securities, admitted that they might have been previously pledged, but alleged that they were then in defendants' possession in a specified vault.  *Held*, that such facts did not warrant the appointment of a receiver to hold the securities pendente lite, but that plaintiff, instead, was entitled to an injunction restraining defendants from in any manner assigning, transferring, or incumbering the securities, or from parting with the possession thereof, or removing them from the vault without an order of court.
   [Ed. Note.—For other cases, see Receivers, Dec. Dig. § 16.*]

   Ingraham, P. J., and Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Suzanne B. Ketcham against George D. Provost and another.   From an order granting plaintiff's motion for the appointment of a receiver pendente lite, defendants appeal.   Order appointing receiver reversed, and order for an injunction restraining the disposition of certain securities pendente lite granted in lieu thereof.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Henry B. Ketcham, for appellants.
Barclay E. V. McCarty, for respondent.

LAUGHLIN, J.   This is a suit in equity to recover 75 trust certificates of the St. Louis & San Francisco Railway Company for common stock of the Chicago & Eastern Illinois Railroad Company, 100 shares of preferred stock of the Chicago, St. Paul, Minneapolis & Omaha Railway Company, and 100 shares of common stock of the Borden's Condensed Milk Company, and for the cancellation of an instrument in writing, bearing date the 4th day of February, 1910,

purporting to be an assignment by the plaintiff to the defendants of 42 of said trust certificates, and of the 100 shares of stock of the Borden's Condensed Milk Company, and for an accounting of the defendants' transactions with respect thereto. The plaintiff alleges that she is the owner and entitled to the possession of these securities, and that the defendants have refused to deliver possession thereof to her upon due demand therefor; that on the 10th day of June, 1907, she delivered 33 of said trust certificates which she then owned to the defendants, who, as copartners, were bankers and brokers, in trust to hold them for her, and to collect the income arising therefrom, and pay the same to her from time to time, and to redeliver them upon demand; that on the 23d day of October, 1907, she delivered said stock of the Chicago, St. Louis, Minneapolis & Omaha Railway Company which she then owned to the defendants upon a similar agreement; that there existed between Charles B. Ketcham, the plaintiff's husband, and the defendants, the relation of debtor and creditor, he having a speculative account with defendants in buying and selling securities on the Stock Exchange, and that on the 27th day of January, 1910, he was indebted to them in a large amount of money, and on said day they informed her that his securities and his seat on the Stock Exchange, held by them as collateral to his indebtedness, would be sacrificed if sold at a forced sale, which they would be obliged to make unless she would deposit with them for a short time the other trust certificates and the shares of the Borden's Condensed Milk Company, which at that time were owned by her and held by the defendants, and that, if she would so deposit said securities, they would not force the sale of her husband's securities and seat on the Stock Exchange, and that they would redeliver the securities to her at any time upon two weeks notice, and would undertake no further speculative transactions for the account of her husband; that she yielded to these representations and delivered the securities to the defendants, and thereafter, and on the 4th day of February, 1910, acting and relying upon the same representations, and at the request of the defendants, and on the same agreement and understanding with respect to a redelivery of the securities on two weeks demand and the discontinuance of speculative transactions on the account of her husband, she signed the instrument in writing, the cancellation of which is demanded; that the defendants, in violation of their agreement, continued speculative transactions on the account of her husband, whereby he has incurred further losses; that the defendants at the time of the demand for the return of the securities admitted that they had hypothecated the shares of the stock of the Borden's Condensed Milk Company, "and that it was very possible that the remaining securities" alleged to belong to the plaintiff had been similarly pledged; that the plaintiff's husband is, and at all the times in question was, solvent and able to pay any indebtedness owing by him to the defendants, and that they have ample security belonging to him therefor. The instrument in writing, of which the plaintiff prays the cancellation, is in the form of a letter addressed to the defendants by her, reciting that the securities, to which it relates, namely, 42 of the trust certificates and

the shares of the Borden's Condensed Milk Company stock, have been deposited by her with them as collateral security for her account and also for the account of her husband, and that for said purpose she sells, assigns, and transfers the same to them, and constitutes and appoints them irrevocably her attorney, in her name and stead, to sell, assign, and transfer, hypothecate, pledge, and make over all of the securities, and to do all things necessary therefor, and recites that, in consideration of the extension of the payment by her husband to the defendants of the balance due on his account, she agrees that the securities shall be security for the payment of the balance of his account "as the same now stands or may hereafter exist, provided, however, that said collateral shall not be used for that purpose until after exhaustion by you of any collateral of my husband held by you and of the proceeds of the sale of his Stock Exchange seat," and it closes with the following:

"Upon the settlement of my account and of the account of my husband the aforesaid securities are to be returned to me, or accounted for."

The defendants show by affidavit in opposition to the motion that they claim to hold all of these securities as collateral security to an indebtedness of $21,799.82, owing to them by the plaintiff on her personal account, for moneys advanced to her, and for the sum of $17,-634.31, owing to them by her husband; that the securities described in the instrument in writing, of which the plaintiff seeks the cancellation, had been transferred to the plaintiff's name by her husband, and were deposited with them as security on the agreement recited in said instrument executed by plaintiff not supplemented by any agreement with respect to a redelivery of the securities on two weeks notice, or with respect to the discontinuance of speculative transactions on the account of her husband; that the plaintiff never had any right, title, or interest in or to the other securities which were owned by her husband and by him delivered to them as security for his account, and subsequently transferred to their names on the books of the corporations which issued them; that all of the securities, to which the action relates, are still held by the defendants for advances made to the plaintiff and to her husband, and are in the safe deposit vault of the defendants in the Bankers' Safe Deposit Company, at No. 2 Wall street, borough of Manhattan, New York; and that the defendants are solvent and reputable business men.

The learned court at Special Term evidently entertained some doubt with respect to the necessity for, or propriety of, granting a receivership to merely take and hold the securities pending the action, for the order, after reciting that the motion was granted and designating a receiver, provided that, if an appeal should be taken within three days after notice of entry of the order, all proceedings thereunder should be stayed, and that the securities remain in the possession of the defendants in said safe deposit vault until after a determination of the appeal, and enjoined and restrained the defendants from pledging or otherwise disposing of the securities, and from exercising any act of ownership over the same, and "from treating any of the said securities otherwise than as depositaries thereof." The plaintiff does

not show, or even claim, that the defendants are not financially responsible, and the only ground shown by the moving papers for the appointment of a temporary receiver is a statement by affidavit that the defendants are engaged in a precarious business and that the securities are in jeopardy, and that there is grave danger that the securities will be removed beyond the jurisdiction of the court, or lost, or materially injured, or destroyed; but no fact or circumstance is stated in support of this charge, other than those to which reference has already been made, and the fact that the defendants have heretofore hypothecated some or all of the securities.

[1] It has been repeatedly adjudged that a receiver may not be appointed merely for the asking, and that facts must be presented showing the necessity therefor, in order to render effectual a final judgment in favor of the plaintiff for the relief demanded in the complaint. Mabon v. Ongley El. Co., 156 N. Y. 197, 50 N. E. 805; Burt v. Burt, 41 N. Y. 46; Kieley v. Barron, 87 App. Div. 317, 84 N. Y. Supp. 306; Sarasohn v. Kamaiky, 110 App. Div. 713, 97 N. Y. Supp. 529; Buffalo Chemical Works v. Bank of Commerce, 79 Hun, 93, 29 N. Y. Supp. 663; Gregory v. Gregory, 33 Super. Ct. 1; Fenn v. Ostrander, 132 App. Div. 311, 116 N. Y. Supp. 1083.

[2] We are therefore of opinion that the plaintiff does not present a case entitling her to the appointment of a receiver pendente lite, and that her rights may be preserved by a temporary injunction order which is a practice heretofore sanctioned by this court in a case where that remedy is deemed adequate. Kieley v. Barron, supra. It appears by an affidavit of the plaintiff's husband, read in opposition to the motion, that he had the securities described in the instrument in writing, the cancellation of which is demanded, transferred to the plaintiff's name in trust for their two infant children, his intention being that she should receive the income thereof for the support of herself and the children, and that at her death the children should take the principal. It does not appear that this trust was expressed in writing, nor is it shown, otherwise than being presented by said affidavit in behalf of the defendants, that they had knowledge thereof, so that their rights would be subordinate to the rights of the children, if any. We express no opinion with respect to the rights of the children, for the facts disclosed are insufficient upon which to base an opinion. In view, however, of this claim with respect to the rights of the children, and of the further fact that the defendants have heretofore repledged some or all of the securities, and claim the right so to do, we are of opinion that the court should have granted a restraining order to the same effect as that contained in the order from which the appeal has been taken. Although the application was for the appointment of a receiver, and the moving papers were insufficient to warrant that relief, still, it appearing that the facts and circumstances required relief which may be afforded by a restraining order, to the end that the securities may be held in their present position and condition until the final judgment in the action, we think the court was warranted, under the prayer in the notice of motion for other and further relief, to grant an injunction order.

It follows, therefore, that the order should be reversed with $10 costs and disbursements, and the application, in so far as it asks for the appointment of a receiver, denied, but granted to the extent of issuing an injunction order restraining the defendants pendente lite from in any manner assigning, transferring, or incumbering the securities, and from parting with the possession thereof, or removing the same from the safe deposit vault in which they are now contained, without the further order of the court on condition, however, that plaintiff forthwith file an undertaking in the sum of $250 in the usual form of undertakings required on granting temporary injunction orders.

MILLER and DOWLING, JJ., concur.

SCOTT, J. I dissent and vote for an affirmance of the order. The order proposed to be entered, substituting an injunction for a receivership, recognizes, and I think justly, the propriety of safeguarding the securities until the merits of the action can be determined upon a trial. The only question, therefore, is as to what security shall be decreed to insure the production of the stocks if plaintiff shall prove her right to their possession. To my mind, under the circumstances, a receivership is much safer than an injunction. The defendants are engaged in a precarious business in which there have been many failures in recent years, and, while they are doubtless entirely solvent now, a turn of the wheel of fortune may at any time render them insolvent. If such an unfortunate contingency should occur, it is almost certain that the securities which plaintiff claims will be found to have disappeared, or been hypothecated for nearly their value. Such, at least, has been found to be the result in every case of insolvency in this kind of business which has come before the courts. I cannot help regarding the defendant's affidavits as evasive and insufficient. It is impossible to spell out of them a clear statement that they are not amply protected by collateral security other than those which plaintiff claims, and which prima facie belong to her.

In my opinion the order should be affirmed.

INGRAHAM, P. J., concurs.