RICHARD NOBIS, Respondent, v. CHARLES V. NOBIS and
Others, Appellants.

Second Department, July 27, 1920.

Corporations — action by minority stockholders to restrain directors
     from disposing of assets — appointment of receiver — affidavits.

A receiver of a corporation should not be appointed in an action by a minority
     stockholder asking that the directors be enjoined and restrained from dis-
     posing of any of the assets of the corporation, except upon clear and
     convincing proof that the directors are acting fraudulently and contrary
     to the best interests of the corporation.
Affidavits upon which the application for the appointment of the receiver
     was made examined, and held, not to show clearly and convincingly that
     the directors were acting contrary to the interests of the corporation.

APPEAL by the defendants, Charles V. Nobis and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 28th day of May, 1920, granting plaintiff's motion for the appointment of a receiver *pendente lite,* and enjoining the defendants from disposing of or transferring the property of the defendant corporation.

*Henry Schoenherr,* for the appellants.

*Albert Conway* [*James E. Smyth* with him on the brief], for the respondent.

RICH, J.:

This action is brought on the complaint of a minority stockholder asking that the appellants be enjoined and restrained from disposing of any of the assets of the defendant corporation and that a receiver be appointed. The appeal is from an order of the Special Term appointing a receiver during the pendency of the action.

The plaintiff and appellants are brothers and all of the capital stock of the corporation is owned by them. It seems that they were unable to agree as to the management of the corporation, with the result that plaintiff was deposed as a director and dismissed as secretary and treasurer, after which the appellants who remained as directors voted to themselves an increase of salary amounting to more than twice the amount they had been receiving. It is charged in substance in the complaint and moving affidavits that the appellants have started upon a course of conduct calculated to bring financial disaster to the corporation.

It may be that the plaintiff will succeed in the action, but the management of a corporation cannot be taken from the board of directors without clear and convincing proof that they are acting fraudulently, contrary to the best interests of the corporation. It is only upon such proof that a receiver will be appointed. (See *Sedgwick* v. *Seward Development Co.,* 144 App. Div. 455, 457; *Welcke* v. *Trageser, No. 1,* 131 id. 731, 732.)

An analysis of the affidavits leads to the conclusion that the plaintiff has failed to make it clearly appear that appellants

are acting contrary to the interests of the corporation. It does appear that some of the acts complained of as explained are an indication of sound business judgment.

The order must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

JENKS, P. J., MILLS, PUTNAM and JAYCOX, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.