Charles C. Beckinella, J.
Motion for the appointment of a temporary receiver and for an injunction pendente lite. This is a derivative suit by plaintiff, a vice-president, a director and holder of 25 of the 100 shares of capital stock issued by the *313 corporate defendant which conducts a business of renting out motor propelled boats.
The complaint charges the defendants Winner and Young, each holding 25 shares of stock, who are president and secretary-treasurer respectively of the corporation as well as directors thereof, with various acts of waste, misconduct, misappropriation of funds and mismanagement of the business, and seeks an accounting. Defendant Young, the only defendant appearing herein, categorically denies any wrongdoing and challenges plaintiff’s good faith, asserting that plaintiff’s charges are false.
It seems well established that the court has power to appoint a receiver of a corporation pending a suit by a stockholder under circumstances such as the present to compel the officers and directors to account for official misconduct and misapplication of corporate assets, but such receiver will not be appointed where the corporation is, as indicated here, a going, solvent one, unless a very clear case be made. (Fenn v. W. M. Ostrander, Inc., 132 App. Div. 311: Nobis v. Nobis, 193 App. Div. 218.) The burden is always upon the applicant to show clearly and convincingly its necessity by facts alleged and proved. (Brodsky v. Sandler, N. Y. L. J., June 5, 1946, p. 2231, col. 1; Mullin v. Mullin, 201 App. Div. 863.). A party is not entitled to the relief asked for herein unless the right thereto is plain from the undisputed facts.
In the case at bar, in view of the denial of the charges by the defendants, an issue is created which can only be decided on the trial and consequently the temporary relief cannot be granted. (Rabinowitz v. Steinberg, 112 N. Y. S. 2d 758, 759; Litz v. S. L. Knitting Co., 80 N. Y. S. 2d 535; Fenn v. W. M. Ostrander, Inc., supra; Nobis v. Nobis, supra.)
Accordingly, that phase of the motion seeking the appointment of a receiver pendente lite is denied.
With respect to the phase of the motion seeking a temporary injunction, a similar principle may be invoked, i.e., where the facts on which the right to a final judgment depends are a matter of substantial controversy between the parties, an injunction pendente lite will not be granted but the rights of the parties will be determined only after a trial of the issues. (Voorhees & Hobart v. Hobart, 251 App. Div. 111; Morrin v. Structural Steel Bd. of Trade, 231 App. Div. 673.)
However, the record herein indicates that in one respect defendant Young concededly has transgressed the grounds of propriety. In his answering affidavit Young admits that since May of this year he has kept the cash income of the corporation in a separate account so as to be able to carry on the business *314 and keep it solvent, explaining that this procedure was resorted to by him in order to counteract plaintiff’s refusal to sign checks of the corporation. This, Young contends, resulted in freezing the bank deposits and making it impossible to pay corporate obligations.
Without imputing any improper motives on the part of the defendant Young, it is nonetheless clear that the said procedure adopted by him is unauthorized in law. Consequently the temporary injunction will be granted to the extent of requiring the defendant Young to deposit any funds now on hand, or any funds hereinafter received which belong to the corporation, in the corporate checking account. Payments of corporate obligations are to be made out of such account and in connection therewith plaintiff Sabella is ordered to countersign such checks as are required for that purpose in the ordinary course of business until the determination of this action.
Although plaintiff’s charge that he was bodily ejected from the place of business of the corporation by the defendant Young is denied, the order to be entered herein shall provide that plaintiff is to be afforded free access to the premises and to the corporate records without hindrance or molestation.
The interest of all parties can best be served and protected by an early trial and, upon the consent expressed in the record herein, the entire matter will be set down for trial at Special Term, Part III, for September. 16, 1957, subject to the approval of the Justice presiding there on that date.
Settle order on notice.