### WEBER v. WALLERSTEIN et al.

(Supreme Court, Appellate Division, Fourth Department. March 7, 1906.)

RECEIVERS—APPOINTMENT—GROUNDS—SUFFICIENCY—ALLEGATIONS ON INFORMATION AND BELIEF.

In an action by a stockholder against a corporation and its officers and others, charging that the assets of the corporation have been fraudulently diverted, and seeking to have them restored to the corporation, the statement of a cause of action alone does not warrant the appointment of a receiver pending the action, and something beyond the mere unsupported statement of the plaintiff, made on information and belief in the general allegations of the complaint, should appear to warrant the appointment, where the allegations are explicitly denied.

Appeal from Oneida County Court.

Action by Henry Weber against Edward Wallerstein and others. From an order appointing a temporary receiver, defendants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Theodore Baumeister and Frank Gardner, for appellants.

Edwin H. Risley, for respondent.

SPRING, J.   The respondent has commenced this action as a stockholder of the corporation of Edward Wallerstein & Co., charging that its assets have been fraudulently diverted, and seeks to have them restored to the corporation.   This court has held the complaint states the cause of action mentioned.   The allegations of the complaint are all set forth on information and belief.   A motion was made by the plaintiff upon the complaint and the demurrers thereto for the appointment of a temporary receiver of the corporation.   The defendants appeared and by affidavits positively denied the charges of fraud and the dissipation of the corporate assets.   In addition the entire transactions which are set out in the complaint on information and belief are explained in these affidavits, and, if the facts are correctly stated therein, the defendants are exculpated of the misconduct imputed to them.

In this situation there should be no receiver appointed pending the action, or, at least, until there is some urgent necessity for that drastic remedy.   The statement of a cause of action alone does not warrant the granting of this relief.   The receiver is authorized to take possession and control of all the corporate assets, and his incumbency will necessarily oust the corporation of the management of its affairs.   Something beyond the mere unsupported statement of the plaintiff made on information and belief in the general allegation of a complaint should appear to warrant the appointment, where the allegations are explicitly denied.   Kieley v. Barron, etc., 87 App. Div. 317, 84 N. Y. Supp. 306; Platt v. Elias, 101 App. Div. 518, 91 N. Y. Supp. 1079.

The order should be reversed, with $10 costs and disbursements of this appeal to each of said defendants appealing separately, and the motion denied, with $10 costs.   So ordered.   All concur.