FENN v. W. M. OSTRANDER, Inc., et al.

(Supreme Court, Appellate Division, First Department. May 14, 1909.)

1. CORPORATIONS (§ 553*)—APPOINTMENT OF RECEIVER.

Mere misconduct will not justify the appointment of a receiver for a corporation, unless such appointment be necessary to preserve the property or rights of creditors or stockholders, and a receiver will not be ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pointed upon loose and general allegations of fraud made on information and belief and unsupported by legal proof.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. § 553.*]

2. CORPORATIONS (§ 553*)—GROUNDS FOR APPOINTMENT OF RECEIVER.

In an action against a corporation and its officers, brought by a stockholder in behalf of himself and other stockholders to compel the officers to account for their official conduct and restore to the corporation any property that they have acquired to themselves or transferred to others or lost, that the officers held property in trust for the corporation, which they are in readiness at any time to convey to the corporations, or such persons as it may designate, is not sufficient ground for the appointment of a receiver pendente lite.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. § 553.*]

Appeal from Special Term, New York County.

Action by Nene Van Tuyll Fenn against W. M. Ostrander, Incorporated, and others. From an order appointing a receiver pendente lite for defendant corporation, defendants appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Myles Higgins, for appellants.
Arthur O. Townsend, for respondent.

SCOTT, J. This is a representative action brought by plaintiff, as a stockholder in the corporation known as "W. M. Ostrander, Inc.," in behalf of herself and other stockholders similarly situated who may join with her and contribute to the expenses of the action. The action is brought under section 1781 of the Code of Civil Procedure for the purpose of compelling the defendants who are officers of the corporation to account for their official conduct, and to restore to the corporation any money and the value of any property which they have acquired to themselves or transferred to others or lost or wasted. The action is therefore one in the right of and in behalf of the corporation, and the complaint contains appropriate allegations excusing any demand upon the corporation itself to bring the action.

No question is raised as to the right of a stockholder to maintain such an action. The present appeal, however, brings up for review an order appointing a receiver pendente lite or—

"all the property, real and personal, and interest therein, and the rents, issues, and profits thereof, and proceeds of all contracts heretofore made for sales or portions thereof, and all the goods, chattels, moneys, and things in action of the defendant corporation, and evidences of the same which are of, or ought of right to belong to, said corporation, of any and every nature and wheresoever situated within the state of New York, with all the powers and duties usually conferred upon and exercised by receivers appointed by this court in such cases; including all real property mentioned and more particularly described in the complaint herein and in the above-mentioned affidavits or any of them; and including also all books, papers, records, documents, instruments, contracts, deeds, office furniture, fixtures, and plant of every nature and description whatsoever located at the office of the defendant corporation, No. 437 Fifth avenue, borough of Manhattan, New York City or elsewhere; and all cash on deposit to the credit of said defendant corporation in any

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

banks, trust companies, or elsewhere; and all moneys due or to become due to the defendant corporation."

The order contains restraining clauses forbidding any officer or employés of the corporation to interfere with said assets in any way except to turn them over to said receiver. In short, in an action in behalf and for the benefit of a corporation, not alleged to be insolvent, for the purpose of compelling officers to make restitution to the corporation, a receiver has been appointed of all the property of the corporation itself within this state, with powers authorized by the Code of Civil Procedure (section 1788), where an action is brought in hostility to a corporation to sequester its property, or to dissolve it and distribute its assets, thus effectually preventing the corporation from transacting business or pursuing the purposes of its incorporation. While it is not to be doubted the court has sufficient jurisdiction, even over foreign corporations, to appoint a receiver of the assets within this state, at the suit of a creditor or stockholder in a proper case, yet to justify so sweeping an order as that appealed from a very clear case must be made out.

Whether or not the court should in any event, in an action like the present, appoint a receiver of the assets of a corporation merely upon the ground of misconduct of the officers or directors, has been the subject of much discussion and some diversity of opinion. The rule now generally accepted seems to be that mere misconduct will not justify the appointment of a receiver, unless such an appointment be necessary to preserve the property or rights of creditors or stockholders. Phillips v. Sonora Copper Co., 90 App. Div. 140, 86 N. Y. Supp. 200; Am. & Eng. Enc. of Law (2d Ed.) vol. 23, p. 1023. It is also well established that a receiver will not be appointed upon loose and general allegations of fraud and maladministration, made on information and belief, and unsupported by anything that can reasonably be called legal proof, especially when the answering affidavits deny the allegations contained in the moving papers. Weber v. Wallerstein, 111 App. Div. 700, 97 N. Y. Supp. 852; People v. Oriental Bank, 124 App. Div. 741, 109 N. Y. Supp. 509.

The papers read in behalf of plaintiff, and upon which the order appealed from is based, consist of a complaint and of affidavits by the plaintiff and one of her attorneys and the managing clerk of the latter. It appears that the defendant corporation was based upon a business formerly carried on by the defendant Walter M. Ostrander. It was incorporated in the state of New Jersey in June, 1905, with a capital stock of $2,000,000, nearly all of which was issued to the defendant Ostrander in consideration of the transfer to the corporation of the good will and assets of the enterprise and business theretofore owned and carried on by him. What these enterprises and business were, and that was their real value, or that of the good will, does not appear. The stock was divided into 20,000 shares, of which Ostrander returned to the company 12,030 shares, of which some 7,000 or 8,000 shares still remain in its treasury. The plaintiff is the owner of 35 shares, for which she paid par. Plaintiff's mother also bought some 80 shares of the stock, and it is alleged that numerous other persons have bought

and now hold small lots of the stock. The principal business of the corporation appears to be the purchasing of real estate in the city of New York and its vicinity by the acre, at what are known as "acreage prices," cutting it up into building lots, putting in some improvements, and then selling the lots upon a plan involving payment therefor by installments.

The corporation has invested, so far as appears from the papers before us, in four properties, known as "Lincoln" and "Colonia," both situated in the state of New Jersey, and "Grant Terrace" and "Bethel Park," both situated in the borough of Richmond, city of New York. A number, just how many does not appear, of the lots embraced in these tracts have been sold and the proceeds received by the company, which up to July, 1907, paid $186,145 by way of dividends to its stockholders. Since July, 1907, it has paid no dividends, but now has in its possession upwards of $62,000 of undivided profits, and has no liabilities except for current bills, the amount of which does not appear. The corporation has sold the tract in New Jersey called "Colonia," apparently to another New Jersey corporation in return for an issue of bonds; the defendant corporation remaining the selling agent of the lots so sold. The particulars regarding this transaction are not set forth with sufficient particularity to justify a conclusion that it was attended with fraud or bad faith.

Of the general allegations of the complaint that the individual defendants have conspired to defraud the corporation, and have mismanaged its affairs so that its funds and properties have become dissipated or are in danger of being lost, and that they have paid themselves unreasonably large salaries, there is absolutely nothing by way of proof. It does appear that financial statements were issued on May 1, 1908, and on December 31, 1908, from a comparison of which the assets of the corporation would seem to have greatly shrunk between the dates stated. This, however, is explained by showing that in the earlier statement the real estate of the corporation, its principal asset, was valued upon an estimate of its probable selling price; whereas, in the later statement made up by a firm of accountants, the real estate was estimated, by their advice, at its cost price to the company.

It appears that the two properties in this state, Grant Terrace and Bethel Park, while in fact belonging to the company and purchased with its funds, are held in the names of the defendants Ambrose Higgins and Walter M. Ostrander, respectively. Each of these persons has executed a declaration of trust in favor of the defendant corporation, wherein they declare, as they do in their affidavits, that they claim no right, title, or interest in or to the property, that they hold it only in trust for the benefit of the corporation, and hold themselves in readiness at any time to convey the property or any part of it to the corporation, or to such persons as it may designate. It is stated that this course was adopted for convenience in transferring lots sold by the corporation. Its convenience and wisdom are not apparent, but we cannot say that the adoption of this method of holding title to the property, in the face of the declaration of the parties and of the undisputed allegation that the whole consideration for every lot conveyed

by them has been paid to the company, justifies a conclusion that the parties have fraudulently converted to their own use and benefit the property of the corporation. It may be that when the facts are fully developed upon the trial, the court will deem it proper to direct a conveyance of the property to the corporation; but we cannot find in this circumstance a sufficient warrant for appointing a receiver of all the assets of the corporation in this state, and thus paralyzing and destroying the business of the corporation. There is no other circumstance disclosed by the papers which justifies the appointment of a receiver at this time.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

