FENN v. W. M. OSTRANDER, Inc., et al.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

Appeal from Special Term, New York County.

Action by Nene Van Tuyll Fenn, on behalf of herself and other stockholders of W. M. Ostrander, Incorporated, against W. M. Ostrander, Incorporated, and others. From an order passing the receiver's account, and directing that the receiver's fees and disbursements and the fees of his counsel be paid by defendant corporation, defendants appeal. Modified.

See, also, 116 N. Y. Supp. 1083.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Frederick C. Simons, for appellants.
Arthur O. Townsend, for respondent Fenn.
Bert L. Rich, for respondent Nussbaum.

PER CURIAM. Order modified, by reducing receiver's fees to $800, and counsel fee to $200, and, as modified, affirmed, without costs.

INGRAHAM, J. (dissenting). The defendant W. M. Ostrander, Incorporated, appeals from so much of an order of the Special Term as directs the receiver's compensation for his services, fees, and disbursements, and the fees of his counsel, to be paid by the defendant corporation. The order appealed from passed the receiver's account; directed that the receiver be charged with the sum of $12,560.60, moneys received by him as such receiver; finds the receiver has paid out the sum of $10,972.50, for which he should be credited, and that out of the balance of the moneys in his hands, after being charged and credited as aforesaid, said receiver shall make the following payments:

"That he retain in his hands as such receiver the sum of $2,500, which sum is allowed for his services and fees and disbursements."

It was further ordered that said receiver pay to Bert L. Rich, his attorney, the sum of $500, which said sum was allowed for services as such attorney; that, "it appearing that the moneys in the hands of

said Myer Nussbaum, as such receiver, are not sufficient to pay the amounts hereunder as such receiver, as and for his fees and disbursements, and the counsel fees, and that the deficiency is $1,411.90, the said defendant W. M. Ostrander, Incorporated, be and it is hereby directed to pay said deficiency within 10 days from date of entry of this order to said Myer Nussbaum, to pay the allowance due him as such receiver, and also to his counsel as aforesaid." It was further ordered that upon payment being made as aforesaid by said Myer Nussbaum as such receiver, and upon turning over the property left in his hands, excepting moneys received as aforesaid, that the bond of said Myer Nussbaum, as such receiver, be exonerated, and the said Myer Nussbaum, as such receiver, be discharged from all further liability as such receiver without further notice.

The defendant W. M. Ostrander, Incorporated, is a foreign corporation, organized under the laws of the state of New Jersey, but maintaining an office for the transaction of business in the city of New York. The principal business of the corporation was the purchase and sale of real estate in this and other states. The plaintiff brought this action as a stockholder on behalf of herself and other stockholders. She alleged in her complaint various alleged acts of misfeasance and malfeasance of the defendants who are directors and officers of the corporation, and asked that the individual defendants account for their management and disposition of the funds of the corporation, that the individual defendants be adjudged and required to refund to the defendant corporation all sums of money paid out or expended because of the illegal acts of the individual defendants and for all sums paid out as dividends which were not paid out of the earnings, and that a receiver or receivers be appointed of all the property and funds of the corporation. Upon this complaint the Special Term appointed a receiver of all the property, real and personal, and the rents, issues, and profits thereof, and the proceeds of all contracts made for sales of real property, and all goods, chattels, moneys, and things in action of the defendant corporation; and the defendants were ordered to deliver and turn over to the receiver each and every of the property and things enumerated in the order, and defendants and their agents and servants were enjoined and restrained from transferring, disposing of, or delivering to any person, officer, or corporation, excepting the receiver, any property or thing or evidence of title thereto connected with the property of the corporation. Upon appeal from the order appointing the receiver, this court on May 14, 1909, reversed that order; the court stating:

"We cannot find in this circumstance a sufficient warrant for appointing a receiver of all the assets of the corporation in this state, and thus paralyzing and destroying the business of the corporation. There is no other circumstance disclosed by the papers which justifies the appointment of a receiver at this time."

Pending this appeal the receiver took possession of the property of the corporation. He received in cash $12,560.60, and also took possession of certain office furniture, and certain papers and contracts of substantial nominal figures, but of unknown value. He disbursed in carrying on the business of the corporation $3,463.96, and after the

order appointing him was reversed returned to the corporation the sum of $7,508.54; and the question presented on this appeal is whether the court was justified in requiring this corporation to pay the expenses of the receivership.

A foreign corporation, which was concededly solvent, lawfully doing business in this state, had its property sequestrated and placed in the hands of a receiver, the officers of the corporation legally selected by its stockholders to transact its business restrained from performing their duties in managing the corporation, all at the suit of one stockholder, upon an allegation that the officers of the corporation had not performed the duties of their office; and when the order appointing the receiver was reversed, as entirely unauthorized and unjustifiable, the court has ordered the corporation, out of the money belonging to its stockholders, to pay the receiver's expenses and fees and the fees of his counsel. It was the plaintiff who commenced the proceedings and obtained the unjustifiable order, which divested the corporation of its property and business and entailed expense upon the corporation, and the court has now ordered that the fees of the receiver and the fees of his counsel are to be paid, not by the plaintiff, who obtained this improper order and caused the corporation the injury that the appointment of a receiver necessarily caused it, but that the corporation and its stockholders are, in addition, to pay such receiver and his counsel their fees. I know of no authority which justifies such an order, and I think it is clearly a case where the court is attempting to compel a corporation and its stockholders to pay the charges and expenses of a litigation which are legally and properly chargeable upon another, the plaintiff in the action.

The plaintiff holds a comparatively small amount of the stock of the corporation. The corporation is incorporated under the laws of the state of New Jersey, and the courts of that state were open to the plaintiff, if she desired to control the action of the officers of the corporation, and had ample jurisdiction to give to the plaintiff such relief as she was entitled to. While the courts of this state would undoubtedly have jurisdiction to appoint a receiver of the property of the corporation in this state to prevent its being wasted or dissipated, they had no power to appoint a receiver of the corporation generally, as that jurisdiction necessarily devolved upon the courts of the sovereignty under which the corporation was incorporated; and when it was determined by this court that the order appointing the receiver was not justified, and that no receiver should have been appointed, I think the corporation was entitled to have its property restored to it, undepleted by the fees of the receiver and his counsel, who must look to the plaintiff, who obtained the improper order appointing the receiver, for compensation for their services.

I do not think the situation in this respect differs from that of a defendant in an action in which a warrant of attachment has been issued and whose property has been attached, but which attachment has been subsequently vacated. The appointment of a receiver and the issuance of an attachment are provisional remedies—in the one case, to hold onto the property of a defendant until plaintiff can obtain a judgment; in the other, to hold the property when necessary

to protect the plaintiff's rights. In the case of an attachment it has been held that, where an attachment has been vacated, a statute authorizing the sheriff to retain the property until his fees were paid was unconstitutional and void. In Bowe v. United States Reflector Company, 36 Hun, 407, Mr. Justice Daniels, in delivering the opinion of the General Term of the Supreme Court in the First Department, after citing the provisions of the Constitution, said:

"And these provisions have been so construed as to maintain the rights of property against mere legislative interference, and as requiring a legal proceeding following other ordinary forms of law and resulting in a judgment upon some obligation or contract or liability incurred by the party proceeded against, before he can be divested of his property and it can be applied to the uses of another party. * * * That is precisely, where an attachment has been set aside, vacated, or annulled, either by the abandonment of the party in whose favor it is issued or by an order of the court, what this section of the Code has provided may be done with the property of the defendant when it has been seized under an attachment. This direction, in its practical effect, is to take the property of the defendant after the lien of the attachment has in this manner been removed, and apply it to the payment of the debt created by issuing and serving it, and afterwards detaining the defendant's property under its authority; and no more flagrant violation of the rights of an owner of property can well be imagined. * * * And it was in part to protect parties against disasters of this description that these constitutional provisions were adopted, and to prevent them from being produced by the mere fiat of a legislative direction. It will be no answer to the protection which these provisions of the Constitution were designed to afford that the person whose property may be taken from him, and held by the sheriff until he shall pay his costs, charges, and expense, may reimburse himself for the amounts paid by a suit upon the undertaking; for that will ordinarily afford him no equivalent for the loss and destruction of his business after it has been brought about in this manner."

I think every word there said applies to this case. Here the property of the corporation, which really belongs to its stockholders, has been taken from it by an order of the Supreme Court at the suit of the plaintiff and vested in the receiver. That order was improperly granted, has been reversed and wholly vacated, and yet the court below requires the corporation whose property was thus illegally taken to pay the fees of the receiver and the fees of his counsel for this illegal interference with its property.

I think the order appealed from is therefore entirely unjustified, and, so far as appealed from, should be reversed, leaving the receiver and his counsel to look to the plaintiff for the payment of compensation for the services they rendered.