WARREN A. MILLER and All Other Stockholders Who Are Similarly Situated and Who Shall Come in and Defray the Expenses of This Litigation, Respondent, *v.* ALBERTINA REALTY COMPANY, INC., and Others, Appellants, Impleaded with CHARLES E. MILLER, Defendant.

First Department, November 4, 1921.

Corporations — action for dissolution and accounting — when referee not appointed on motion for temporary receiver — facts not justifying appointment of temporary receiver — references on motions not resorted to save in exceptional cases.

A referee should not be appointed to take proof of the disputed facts arising on a motion for the appointment of a temporary receiver in an action for the dissolution of a corporation and an accounting by the directors, where neither the complaint nor the affidavits in support of the motion state any facts showing a diversion of corporate funds by the officers and directors and there are no conflicting statements of fact to be determined.

Furthermore, there is no reason for the appointment of a temporary receiver, since it appears that the defendant corporation is solvent and the pleadings allege no fact of misappropriation or diversion of corporate property making it necessary to appoint a receiver to protect the interests of stockholders and creditors.

While it is within the power of the Special Term to order a reference to enlighten its own conscience, references upon the disposition of motions are not encouraged and are not to be resorted to save in exceptional cases where the facts are complicated.

APPEAL by the defendants, Albertina Realty Company, Inc., and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of August, 1921, appointing a referee to take proof of the disputed facts arising upon the motion and report thereon to the court, and also from an order entered in said clerk's office on the 17th day of August, 1921, denying a motion for reargument.

*Wilbur F. Earp,* for the appellants.

*Robert L. Noah* [*Jacob I. Wiener* of counsel, with him on the brief], for the respondent.

PAGE, J.:

The motion was for the appointment of a receiver *pendente lite* of the defendant Albertina Realty Company, Inc. The

facts as disclosed by the complaint and affidavits are that Albertina Miller during her lifetime owned certain real estate on Riverside Drive. By her will she gave her husband a life interest in one-third of the property and the other two-thirds to her children.

After her death the husband and children incorporated the Albertina Realty Company and conveyed to it all their right, title and interest in the property, and shares of stock were issued to each in proportion to his or her interest in the property. Subsequently the husband died, and since his death the corporation has been managed by three directors, John L. Miller, Jr., Emma J. M. Earp and Charles E. Miller.

This action is brought for a dissolution of the corporation, an accounting by the directors, a sale of the property and a distribution of the proceeds of the sale according to the interests of the parties. The allegations of the complaint are upon information and belief, that John L. Miller, Jr., has been in active control of the property and conducts the business and affairs of the corporation, and that the three directors, " acting in collusion and conspiracy with one another, falsely and fraudulently kept books of account which did not show the true, correct and accurate financial condition of the corporation defendant * * *, with the intent of depressing the true value of the capital stock of the corporation defendant and in contemplation of the corrupt device and scheme to acquire the capital stock of the plaintiff and others similarly situated at a price much less than the true value of the same." It is alleged that the property is worth $175,000, with an incumbrance of $70,000, leaving a net equity of $105,000, and upon information and belief that the surplus profits of said corporation have amounted to at least $50,000, which the defendant directors, " acting in concert and collusion, and conspiring with one another, have misapplied, misappropriated and diverted to their own use and benefit, or to the use and benefit of other corporations in which the defendants, John L. Miller, Jr., Emma J. M. Earp and George H. Miller are interested as stockholders or officers; " and that in misapplying, misappropriating and diverting either to their own use and benefit or to the use and benefit of other corporations in which the defendant directors are interested, either

as stockholders or officers, said defendants have acted in bad faith, and in breach of their duty as directors and officers of the corporation, and for the personal benefit, advantage and profit, or for the benefit, advantage and profit of other corporations in which the defendants are interested.

It will be noted that not a single fact is stated showing any diversion or misappropriation. The affidavits in support of the motion for the appointment of a temporary receiver are also devoid of the statement of any facts, but are in the same general language as the complaint. It is claimed that the directors have kept false and misleading books of account and have not furnished statements thereof to the defendant. The attorney for the plaintiff makes affidavit that on the 29th of June, 1921, he called at the offices of the corporation with the plaintiff and demanded on behalf of the plaintiff a statement from the corporation of its business and affairs, and that John L. Miller, Jr., stated that he was perfectly willing to permit the plaintiff to inspect the books of the corporation and was also willing to furnish the plaintiff with a statement of the affairs of the corporation; but Mr. Miller suggested that the bookkeeper who had full charge of the books of the corporation was absent on a vacation and would not be present for at least two weeks. No further effort appears to have been made to inspect the books, and this action was brought on July 26, 1921. In opposition to the motion there were submitted affidavits by the three directors, specifically denying the charges of misappropriation or diversion of funds of the corporation, and an affidavit by the bookkeeper that she kept true and accurate books of account and that the books have been constantly in said office and accessible to any and all the stockholders, including the plaintiff, and that during the time when she had been bookkeeper (for two years last past) she has made up and delivered to the plaintiff semi-annually a transcript showing the true condition and standing of said company according to said books, and that the corporation carries on no business except that of one apartment house.

Ordinarily, we would not interfere with the discretion of the justice at Special Term, upon a motion to appoint a referee to take proof of the facts and advise his conscience.

" It was unquestionably within the power of the Special

Term to have ordered a reference to enlighten its own conscience; but references upon the disposition of motions are not encouraged, and are not to be resorted to save in ' exceptional cases where the facts are complicated, and it is manifest that the truth cannot be ascertained with reasonable certainty without an examination of the witnesses.' " (*Matter of Warren,* 125 App. Div. 169, 172.)

Neither in his pleading nor in his affidavit has the plaintiff shown any evidence of a misappropriation or diversion of the property of the corporation and there were no conflicting statements of fact to be determined. Furthermore as we stated in *Fenn* v. *Ostrander, Inc.* (132 App. Div. 311, 313): " Whether or not the court should in any event, in an action like the present, appoint a receiver of the assets of a corporation merely upon the ground of misconduct of the officers or directors has been the subject of much discussion and some diversity of opinion. The rule now generally accepted seems to be that mere misconduct will not justify the appointment of a receiver, unless such an appointment be necessary to preserve the property or rights of creditors or stockholders. (*Phillips* v. *Sonora Copper Co.,* 90 App. Div. 140; 23 Am. & Eng. Ency. of Law [2d ed.], 1023.) It is also well established that a receiver will not be appointed upon loose and general allegations of fraud and maladministration, made on information and belief and unsupported by anything that can reasonably be called legal proof, especially when the answering affidavits deny the allegations contained in the moving papers."

In our opinion it was an abuse of discretion for the justice to appoint a referee. The corporation is entirely solvent, no good reason appears why a receiver should have been appointed, and the motion should have been denied.

The order will be reversed, with ten dollars costs and disbursements, and the motion for the appointment of a receiver denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.