No. 39,273

STATE OF KANSAS, ex rel., HAROLD R. FATZER, Attorney General of the State of Kansas; and DORAL H. HAWKS, County Attorney of Shawnee County, Kansas, *Appellees,* v. SOPHIA MOLITOR, PATRICIA BATTAGLIA, JOAN MOLITOR, JOHN MOLITOR, a Partnership, doing business as FAMILY FINANCE COMPANY, and GORDON E. ZIMMERMAN (Gordon E. Zimmerman, Individually, being the Sole *Appellant*).

(263 P. 2d 207)

Opinion filed November 7, 1953.

*Melvin R. Quinlan,* of Topeka, argued for Gordon E. Zimmerman, and *John S. Dean, Jr.,* of Topeka, was with him on the briefs for the appellants.

*Harold R. Fatzer,* attorney general, and *Thomas M. Evans,* assistant attorney general, both argued the cause, and *Paul E. Wilson,* assistant attorney general, *Doral H. Hawks,* county attorney, and *Maurice D. Freidberg,* assistant county attorney, were with them on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to enjoin defendants from making loans at a rate of interest greater than permitted by law. The peti-

tion asked for a restraining order, a permanent injunction and for the appointment of a receiver. The court on August 5, 1953, appointed a receiver *ex parte* and without notice to the defendants and ordered him to take into his possession all records, papers, moneys, bank accounts, assets and other property belonging to the defendants and used in connection with the loaning of money and to determine the exact situation in respect to each loan the defendants had made. On the same day the trial court made an order restraining the defendants from assigning or disposing of the assets or books and records of the business or from making or collecting any usurious loans pending the outcome of the litigation.

On the same day the receiver was appointed, the court on motion of defendants suspended the authority of the receiver until the final determination of the appeal. The restraining order was left in effect and defendants are operating the business under it now.

The appeal is from the order referred to above appointing a receiver and from no other order.

The petition after alleging the official capacity of the attorney general and county attorney of Shawnee county alleged it did not know the residence of defendants, Patricia Battaglia, Sophia Molitor, Joan Molitor and John Molitor, but believed that they could be served by a summons at their business address; that defendant Zimmerman resided in Topeka and all defendants did business as "The Family Finance Company" at 111 East Fifth Street, Topeka, Kansas, for the purpose of loaning money; that defendant Zimmerman at all times mentioned in the petition was the manager in charge of the business and had in his custody all of the assets and books of account having to do with it; that defendants engaged in what was commonly known as the "loan shark business," the principal object of which was to collect and exact usurious rates of interest from laboring people, wage earners and others of small means who are forced by necessitous circumstances, such as sickness and other emergencies which placed them in critical situations, necessitating their obtaining funds to borrow small sums of money.

The petition then described the mode of doing business in detail and alleged there was a large number of loans made by the defendants outstanding; that they were illegal and usurious agreements and could not be adequately and completely adjusted by remedy at law; that unless a receiver should be appointed there would be a great multiplicity of vexatious and unfounded litigation, much of

which would likely be brought in jurisdictions in which employees would be unable on account of their poverty to defend and secure their rights; that practically all of the borrowers were heads of families and not financially able to engage the services of an attorney and if sued on account of these loans in states other than Kansas would be denied their exemptions as heads of families and would be deprived of the defense available under the usury laws of the State of Kansas; that because of these facts, borrowers could not avail themselves of their legal defenses and remedies and that only a court of equity could give complete and adequate relief; that the plaintiff had reason to believe, and did believe, that there was imminent danger of defendants disposing of their property to individuals not subject to the jurisdiction of the court; that a receiver should be appointed with full power to take immediate charge of all property and effects of the defendants within the State of Kansas, insofar as connected with the lending of money, as described, and that the court should order the receiver to ascertain the exact situation in connection with each loan and should order such receiver to determine the amount of interest charged and paid on each loan and make a report of his findings to the court for further orders.

The petition prayed that a restraining order issue restraining the defendants from making loans at a rate of interest higher than that permitted by law; that the restraining order be made returnable forthwith and when returned that a temporary injunction issue enjoining the defendants from lending money at a rate of interest greater than permitted by law and that plaintiffs be granted as final relief a permanent injunction to the above effect. A further prayer was that the receiver be appointed immediately without notice to the defendants and that such receiver be ordered to take into his possession immediately all records, papers and property belonging to the defendant used in connection with the lending of money and that the receiver be ordered to determine the exact situation in respect to the loans and ascertain the amount of the principal sum loaned to each borrower, the rate of interest charged on the loan, the amount paid as interest and the amount paid on the principal and report his findings to the court for further orders and that defendants be restrained from assigning or disposing of the assets of the business, otherwise than ordered by the court, and for such other relief as might be fit and proper.

The petition was verified by the attorney general on information and belief only as follows:

"That he is the duly elected, qualified and acting Attorney General for the State of Kansas; that he has read the above and foregoing petition and knows that the allegations, statements and averments contained therein are true according to his knowledge, information and belief."

On that date the court made an order appointing a receiver for the Family Finance Company and ordered him to take into his possession immediately all records, papers, moneys, bank accounts, assets and other property belonging to defendants used in connection with the lending of money and he was ordered to determine the exact situation in respect to each loan of the defendants and to ascertain the amount of the principal sum loaned to each borrower, the rate of interest and the amount paid on the principal of each loan and report his findings to the court for further orders.

On August 7, 1953, defendant Zimmerman filed a notice of appeal from the order appointing a receiver and filed an appeal bond in an amount and conditioned, as provided by law, to suspend the authority of the receiver until the final determination of the appeal. On the same date the district court made an order suspending the authority of such receiver.

The specifications of error are that the court erred in making an *ex parte* appointment of a receiver based upon the allegations of the petition, verified on information and belief and in making such an appointment based upon allegations of a petition which failed to clearly show the immediate necessity therefor.

This action along with several others of a similar nature were advanced on the docket of this court. Five of them were finally submitted on Friday, October 9.

It will be noted the appeal was from the order appointing a receiver and from no other order.

We have held a practice similar to the one described in the petition to be such as might be enjoined by the state, pursuant to G. S. 1949, 60-1121. (See *State, ex rel., v. McMahon,* 128 Kan. 772, 280 Pac. 906; also *State, ex rel., v. Basham,* 146 Kan. 181, 70 P. 2d 24.) In the latter case the lower court had conducted a hearing and found the state had failed to establish facts sufficient to warrant injunction and receivership. We reversed and ordered the trial court to grant the injunction and to appoint a receiver. It should be noted there had been a trial on the merits.

G. S. 1949, 60-1201, provides in what cases a receiver may be appointed. The first five do not apply here but the sixth provides

"In all other cases where receivers have heretofore been appointed by the usages of the courts of equity."

There is no statutory provision as to the showing necessary to warrant appointment of a receiver. G. S. 1949, 60-1209, provides for an appeal from such an order without awaiting the final determination of the action upon giving proper bond.

The state relies in the main on the proviso in G. S. 1949, 60-1121. That provides for the granting of an injunction to restrain a common nuisance and provides that the information therefor may be verified by the county attorney or attorney general upon information and belief. The state argues that since the actual relief prayed for was an injunction and the appointment of a receiver was only ancillary to the real purpose of the action and since the injunction might be granted on a petition verified on information and belief, then such a verification is sufficient to sustain the appointment of a receiver.

The fault of this argument is that the statute does not provide that a permanent injunction may be granted *ex parte* and based on no more evidence than a petition verified on information and belief. The statute merely provides how an action to enjoin a common nuisance may be commenced. It does not deal at all with the question of the showing necessary. Defendants here are not concerned with the lack of notice nor with the manner in which the action was commenced. They are only concerned with the showing made.

As has been noted, G. S. 1949, 60-1201 (Sixth) provides that a receiver may be appointed "in all other cases where receivers have heretofore been appointed by the usages of the courts of equity." A corollary of this would seem to be that the rules of equity courts as to what showing is required to warrant the appointment of a receiver by equity courts generally should govern. In this connection we must consider the petition with its verification on information and belief as not only a pleading but as a purported affidavit to support the application for the appointment.

Are the statements in the petition verified on information and belief only sufficient to warrant the appointment of a receiver? Is it according to the usage of courts of equity to appoint a receiver upon a petition so verified?

We are not without precedent in our own decisions.

*Atchison v. Bartholow*, 4 Kan. 124, was an injunction action. The petition of the plaintiff upon which the injunction was based was

introduced and read as an affidavit. On appeal we said where the verification of the petition was on "information and belief" it was not sufficient. The court reasoned that since a witness in court would not be permitted to say from the witness stand a certain statement was according to his information and belief, his affidavit on information and belief only should not be given the weight accorded a statement under oath.

Analogous to this is our holding in *Olmstead v. Koester, Treasurer,* 14 Kan. 463. There the petition for an injunction stated what we on appeal termed legal conclusions. We stated since a witness could not testify to such things from the stand a verified petition that stated them was when used as an affidavit not sufficient to sustain a temporary restraining injunction.

*Wheat Growers Association v. Schulte,* 113 Kan. 672, 216 Pac. 311, is a helpful case. The statute gave the association the power to sue for an injunction, enjoining one of its members who had breached his contract from going ahead with the breach. The argument was made that the verified petition though possibly sufficient as a statement of plaintiff's cause of action to try the case upon its merits, treated as an affidavit in support of the application for a temporary injunction did not make a sufficient showing for that purpose. *Olmstead v. Koester, Treasurer,* supra, and *The State v. Telephone Co.,* 77 Kan. 774, 95 Pac. 391, were cited. We said:

"Tested by these decisions the petition did not set forth the facts with the particularity an affidavit should do, or that would be required in the testimony of a witness, necessary to make a showing of plaintiff's right to an injunction contemplated by the statute. Hence, the court did not err in refusing the temporary injunction upon the petition used as an affidavit.

"Upon the hearing, however, the showing was made. It is not necessary to repeat a synopsis of the evidence, but it is sufficient to say that it supplied all the particulars necessary to make the showing, contemplated by the statute, to entitle plaintiff to a temporary injunction."

Here we have an analogous situation. This is an intermediate appeal from the order appointing a receiver authorized by the statute. We are concerned only with the showing made on the *ex parte* order appointing a receiver.

G. S. 1949, 60-2830, provides in part:

"The testimony of witnesses is taken in three modes: *First,* by affidavit; . . ."

G. S. 1949, 60-2831, provides:

"An affidavit is a written declaration under oath, made without notice to the adverse party."

We turn now to general authorities on this question.

In 75 C. J. S. 713, the rule is stated:

"Affidavits on behalf of applicant may be read in support of his application and the case made in his pleading, . . ."

In 75 C. J. S. 715, the rule is stated:

"A bill or complaint verified on information and belief affords no evidence on which alone to predicate an order appointing a receiver."

Amongst the authorities cited in support of the above rule is *Holman v. Holman* (Tex. Civ. App.), 189 S. W. 2d 76. This was a divorce action and as a preliminary step the trial court appointed a receiver for the husband's property. Headnote 5 says:

"Verification of petition for appointment of receiver and temporary injunction by plaintiff's counsel upon information and belief would not sustain the appointment of receiver or the granting of temporary injunction."

There, as here, is the question of whether a petition thus verified was sufficient showing.

In the same volume but not cited in C. J. S. is *Wilkenfeld v. State* (Tex. Civ. App.), 189 S. W. 2d 80. That was an action to enjoin defendant from charging usurious interest. A receiver was appointed without notice and at the same time a restraining order was made restraining defendant from transferring its books, papers or instruments. On appeal the court pointed out that the relief sought by the state in obtaining the appointment of a receiver was already had by the state when the restraining order was made. We are interested in what the court said as follows:

"The appointment of a receiver without notice to the adverse party is one of the most drastic remedies known to the courts and should be exercised only in extreme cases where the rights therefor are clearly shown, and then in the exercise of great caution by the court, Keep 'Em Eating Co. v. Hulings, Tex. Civ. App., 165 S. W. 2d 211; 36 Tex. Jur. 108, and cases there cited, and cause therefor must be shown either in a verified bill, petition or complaint or by affidavit, as no other evidence is admissible and facts and circumstances, as distinguished from mere opinions and conclusions, must not only be set forth but they must be alleged and verified positively and not upon information and belief."

*Miller v. Albertina Realty Co., Inc.,* 198 App. Div. 340, 190 N. Y. Supp. 407, was a case where the trial court had appointed a receiver for a company on a complaint verified on information and belief. The appellate court pointed out ordinarily it would not interfere

with the lower court in the exercise of its discretion in appointing a receiver but cited and quoted from *Fenn v. Ostrander, Incorporated,* 132 App. Div. 311, 116 N. Y. S. 1083, where the court has said:

"It is also well established that a receiver will not be appointed upon loose and general allegations of fraud and maladministration, made on information and belief and unsupported by anything that can reasonably be called legal proof, especially when the answering affidavits deny the allegations contained in the moving papers."

(See, also, *Hawkins v. Aldridge,* 211 Ind. 332, 7 N. E. 2d 34, 109 A. L. R. 1205; *Weber v. Wallerstein,* 111 App. Div. 700, 97 N. Y. S. 852; *Hametic, etc. v. Esters,* 225 Ind. 118, 73 N. E. 2d 463; *Jordan v. Walker,* 197 Ind. 365, 151 N. E. 2; and *Hoosier Natl. Life Ins. Co. v. Gary Electric Co.,* 214 Ind. 597, 17 N. E. 85.)

In *High on Receivers,* 4th Ed., p. 114, it is said:

"Affidavits upon which the application is based should be distinct and precise in their allegations, especially where fraud is one of the grounds relied upon for the interference of the court. And where a receiver is sought of the affairs of a corporation, mere general allegations, in the affidavits supporting the motion, as to the belief of affiants that great frauds have been committed against the corporation, will not justify the relief, when it is not stated· by whom the frauds have been committed, or in what they consist. And it may be stated generally that, upon an application for a receiver *pendente lite,* the verification must be based upon the knowledge of the affiant and if it is based upon information and belief only, it will be held insufficient."

(See, also, *Tardy's Smith on Receivers,* 2d Ed., Vol. 2, p. 1979; *Alderson on Receivers,* p. 170; and *Clark on Receivers,* Vol. 1, 2d Ed., p. 109.)

(See, also, 45 Am. Jur., p. 81; *Birmingham Disinfectant Company, et al., v. Smith, et al.,* 174 Ala. 374, 56 So. 721; *Marshall v. Matson,* 171 Ind. 238, 86 N. E. 339; *Henderson v. Reynolds,* 168 Ind. 522, 81 N. E. 494; *Ledger Publishing Co. v. Scott,* 193 Ind. 683, 141 N. E. 609; *Sherman Park State Bk. v. Loop Office Bldg. Corp.,* 238 Ill. App. 450; *Zanes v. Lyons,* (Tex. Civ. App.) 36 S. W. 2d 544; *C. P. Oil Co. v. Shelton,* (Tex. Civ. App.) 48 S. W. 2d 509; and *Lyons v. Conway,* (Tex. Civ. App.) 63 S. W. 2d 317.)

The question is, whether the usages of courts of equity permit the appointment of a receiver to take charge of a business on a petition verified on information and belief and no other showing. We have considered this petition thus verified, not as a pleading alone, but as evidence to warrant the court in making the appointment. The state argues such a showing was sufficient. Counsel has furnished us no authorities whatever to sustain that position.

Our search has demonstrated that the universal rule is otherwise, that is, a receiver may only be appointed on evidence. This may be by testimony of witnesses or by affidavits or a properly verified petition used as evidence. A petition verified on information and belief only is not an affidavit and is not evidence—hence it is not a showing upon which to base the appointment of a receiver. The reasoning is simple, a witness would not be permitted from the witness stand to testify to a fact upon his information and belief. By the same token his affidavit on information and belief only will not be given the weight accorded sworn testimony. Consequently the petition sworn to on information and belief was no evidence at all upon which to base the appointment of a receiver in this case.

The judgment of the trial court is reversed.