No. 39,303

STATE OF KANSAS, ex rel., HAROLD R. FATZER, Attorney General, *Appellee,* v. JOHN DOE, and M. J. LARCHEY, doing business as ACME FINANCE COMPANY, *Appellants.*

(268 P. 2d 960)

Opinion filed April 10, 1954.

*Henry E. Martz,* of Wichita, argued the cause, and *Pat Warnick* and *Alan B. Phares,* both of Wichita, were with him on the briefs for the appellants.

*Thomas M. Evans,* assistant attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The state, on the relation of the attorney general, filed an action in which it sought an injunction to prevent defend-

ants from making loans at illegal interest rates and the appointment of a receiver to take complete possession and control of defendants' property.

The district court granted both forms of relief. Defendants have appealed from (1) the order appointing a receiver and (2) the order overruling their motion to quash the service of summons.

Before considering the merits of the appeal we are confronted with appellee's contention the appeal should be dismissed. Appellee's argument is based on the fact no notice of appeal was served on the receiver. The pertinent part of G. S. 1949, 60-3306, pertaining to service of the notice of appeal, reads:

"A copy of such notice must be personally served on all *adverse parties* whose rights are sought to be affected by the appeal, *and who appeared and took part in the trial, or their attorneys of record.* . . ." (Our italics.)

In support of appellee's contention it relies on *Peoples State Bank v. Hoisington Mercantile Ass'n*, 118 Kan. 61, 234 Pac. 71; *White v. Central Mutual Ins. Co.*, 149 Kan. 610, 88 P. 2d 1041; *In re Estate of Weaver*, 170 Kan. 321, 224 P. 2d 1004; *In re Estate of Bergner*, 173 Kan. 582, 250 P. 2d 781. In the first cited case the court distinguished between the necessity for service of notice of appeal under the old statute and the instant one. It was held to be unnecessary now that some of the parties against whom a joint money judgment was rendered, *but who were content with the measure of justice accorded them*, be made parties to the appeal. In the White case it was held:

"*An adverse party* in a civil action on whom notice of appeal must be served (under G. S. 1935, 60-3306) *is a party to the litigation*, to whose interest it is that the judgment of the trial court be upheld, and who is interested in opposing the relief sought by appellant, following *Peoples State Bank v. Hoisington Mercantile Ass'n*, 118 Kan. 61, 234 Pac. 71.

"In a civil action *three parties* moved to set aside as void a former judgment of the court favorable to plaintiff. The court considered and sustained all the motions. Plaintiff appealed as to two of the parties only. *Held*, the appeal must be dismissed." (Syl. ¶ 1, 2.) (Our italics.)

The rule stated in paragraph 1 of the syllabus in the White case was followed in the Weaver and Bergner cases. In the Weaver case syllabus 2 reads:

"On appeal from a judgment appointing an individual as the sole executor of the estate of a deceased person such fiduciary is a necessary party to the appeal and must be made a party thereto."

In the Weaver case William H. Barnes was an heir and devisee

of the decedent, Rebecca May Weaver. William H. Barnes was also the sole executor of her estate. As executor he filed an answer in the probate court and hence was an actual party to the litigation. Failure to serve notice of appeal on him was, therefore, fatal to the appeal and it was dismissed.

In the Bergner case no notice of appeal was served on John C. Bergner, who was one of the devisees and beneficiaries under both the wills involved. He appeared and filed an intervening answer and a reply and was, therefore, a party to the litigation. He was not only a party to the litigation but was an adverse party within the meaning of the appeal statute and failure to serve notice of appeal on him rendered the appeal defective.

Among other cases bearing on the same subject are *Protzman v. Palmer,* 155 Kan. 240, 124 P. 2d 455; *Grant v. Reed,* 163 Kan. 105, 179 P. 2d 945. They need not be reviewed.

From examination of the above notice of appeal statute and the foregoing cases it is clear that persons on whom notice of appeal is required to be served are ". . . *adverse parties* whose rights are sought to be affected by the appeal. . . ." (Our emphasis.) The mere fact some person may have an interest which may be affected by the appeal does not require that he be served with notice of appeal. We are bound by the language of our statute and not by statements of a general rule contained in textbooks.

In the instant case the receiver was not a party to the litigation in any sense. He did not represent any of the parties and filed no pleading in his own behalf. He was an officer of the court entrusted with the possession and management of the property. Not being a party to the litigation and having filed no pleadings on which issues were joined involving his interest he was not an adverse party. Failure to serve him with notice of the appeal did not render the appeal defective. In the early case of *Plow Co. v. Rude,* 60 Kan. 145, 55 Pac. 848, it was held:

"A receiver appointed to take possession of property involved in the litigation during the pendency of the suit, who does not stand as the representative of any of the parties nor file any pleadings in the case, is a mere stakeholder, and is not a necessary or proper party in a proceeding in error brought to review the judgment of the trial court." (Syl. ¶ 1.)

We now turn to the next question. It is whether a receiver should have been appointed. One point raised by appellants is the insufficiency of the verification of the petition for his appointment.

The verification of the petition was signed by counsel on information and belief. It is the same form of verification as that contained in a similar action involving the appointment of a receiver in the recent case of *State, ex rel., v. Molitor,* 175 Kan. 317, 263 P. 2d 207. In that case the authorities on the sufficiency of a verification of a petition for the appointment of a receiver were reviewed at length. We need not repeat that review. It was there held:

"In an action to enjoin defendants from engaging in an unlawful practice of lending money at usurious rates of interest and for the appointment of a receiver to take possession of and assume control over defendants' business where the appeal is from the order appointing a receiver and from no other order, the record is examined and it is held that (*a*) this appeal in no way involves the power of the state to obtain an order enjoining the defendants from engaging in an alleged unlawful practice; (*b*) the sole issue presented by this appeal is whether a receiver was properly appointed to take complete possession of and control over defendants' property; (*c*) a receiver to take possession of and dominion over the property of a defendant may only be appointed upon evidence; (*d*) such evidence by the usages of courts of equity may be by witnesses or affidavits; (*e*) in such a case a petition properly verified may be used as evidence; and (*f*) a petition verified on information and belief only is not an affidavit and is no evidence whatever upon which to base the appointment of a receiver." (Syl.)

We are advised no affidavits other than the verification attached to the petition were filed in support of the appointment of the receiver. Appellee does not controvert that statement. In fact appellee's brief contains no argument in support of the sufficiency of the verification or of other evidence introduced to justify the appointment of a receiver.

It is next contended no notice of a hearing for the appointment of a receiver was served on either of the original defendants, John Doe or M. J. Larchey, doing business as Acme Finance Company. Such lack of notice is conceded by appellee. In fact the petition requested the appointment be made without notice. Having concluded the receiver was improperly appointed for another reason we need not pursue the second contention on that point.

The other question is did the court err in overruling the motion to quash the service of summons? Defendants named in the original petition were John Doe and M. J. Larchey, doing business as Acme Finance Company. A praecipe for summons was filed August 5, 1953. It requested that the sheriff of Sedgwick county serve the defendants, John Doe and M. J. Larchey, doing business as Acme

Finance Company. The sheriff's return made August 6 recites that M. J. Larchey was not found in Sedgwick county and reads:

"Received this writ 8-5-53, and as commanded therein, I summoned the following persons, of the defendants within named, at the times following to-wit:

| | | |
|---|---|---|
| "John Doe dba Acme Finance Co., | | 8-6-53 |
| "By June Cowley, | | 8-6-53 |
| " _____, | _____, | 19___ |
| " _____, | _____, | 19___ |

by delivering to each of said defendants, personally, in said county, a true copy of the within summons with all the endorsements thereon."

On August 12, not the individuals named as defendants, but the "Acme Finance Company," appeared specially and moved to have the service quashed. An examination of the motion discloses it was not made by the parties defendant but by "Acme Finance Company" as a legal entity, contrary to the allegations of the petition. The grounds of the motion indicate counsel labored under the erroneous impression the summons and return thereon should have conformed to the law pertaining to service on corporations. We need not discuss other grounds on which the court may have overruled the motion to quash the service. The motion by Acme Finance Company was properly overruled. There was no such legal entity in the lawsuit.

On the same day, August 17, the court heard the oral motion of June Cowley, in which she appeared specially on her own behalf to quash the service of summons. The court found her motion should be sustained. That order reads:

"It Is, Therefore, by the Court Ordered that as it relates to John Doe, d/b/a Acme Finance Co., *per June Cowley,* the service of summons should be and the same is hereby quashed." (Our italics.)

It should be recalled June Cowley was not named as a defendant in the original petition. This was her own motion filed in her own behalf and as to her it was sustained.

On August 22, 1953, plaintiff filed a praecipe for a so-called alias summons on the defendant Nicholas J. Larchey, 4020 East Kincaid (not on M. J. Larchey, who was the other individual defendant named in addition to John Doe). The sheriff's return on that summons discloses service of summons on Nicholas J. Larchey personally on August 22. No point is made by the parties relative to the discrepancy in Larchey's name. That service is not challenged.

On August 24 appellee filed its amended petition. On August 25 a praecipe for summons was issued to the persons named as de-

fendants in the amended petition. None of them were the same defendants as those named in the original petition. The new defendants were George Miller, E. F. Vandemeer and June Cowley, doing business as Acme Finance Company. The amended petition stated the residence of George Miller was Tulsa, Okla., and that of E. F. Vandemeer and June Cowley was in Wichita, Sedgwick county, and that the defendant, E. F. Vandemeer, at all times mentioned in that petition, was and is the manager in charge of the business and had custody and control of all of its assets, records, books, etc. The record before us discloses no return on any summons issued after the filing of the amended petition and we do not know whether they have been served with process. The record discloses no ruling on the question whether the newly named defendants could be substituted in an amended petition. That question is not before us and manifestly we express no views thereon. We are concerned only with orders or rulings made and from which an appeal has been perfected.

On the record before us the district court did not err in overruling the motion of August 17, 1953, to quash the service of summons on the defendant, John Doe. The personal service on the other defendant, Nicholas J. Larchey, on August 22, is not challenged. On the record presented we shall not say the district court was without jurisdiction on August 5 to issue a restraining order to prevent the alleged illegal operation of the loan business.

On August 31 Eugene Vandemeer, doing business as Acme Finance Company, perfected a notice of appeal to this court. A statutory bond was filed which under provisions of G. S. 1949, 60-1209, suspended the authority of the receiver until determination of the appeal. As previously stated, the appeal was from the order of August 7 appointing the receiver and from the order of August 17 overruling the motion to quash service of summons. The notice, however, included all orders and decisions. No later appeal was taken from proceedings subsequent to the notice of appeal dated August 31 and that notice of appeal has not been amended in any particular. We, therefore, are not concerned with orders or decisions, if any, made after that date.

What has been said herein on the two specific orders appealed from makes comment on other specifications of error unnecessary. The order appointing a receiver was invalid and is reversed. The order overruling the motion to quash the service of summons was proper and is affirmed. It is so ordered.