No. 40,049

Pay Rock Oil, Inc., a Corporation, *Appellee*, v. E. C. Riley, *Appellant*, and John S. Hall, et al., *Appellees*, and H. E. Ozenburger, Receiver, *Appellee.*

(296 P. 2d 1116)

Opinion filed May 5, 1956.

*Ralph H. Noah,* of Beloit, argued the cause, and *Edward E. Pedroja,* of Eureka, and *Don W. Noah,* of Beloit, were with him on the briefs for the appellant.

*Thos. C. Forbes,* of Eureka, argued the cause, and *Harold G. Forbes* and *George Forbes,* both of Eureka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: The question here concerns the propriety of an order appointing a receiver to operate, manage and develop an oil and gas lease.

Briefly stated, circumstances and events leading up to the appointment were as follow:

In 1945 Pay Rock Oil, Inc., was the owner of an oil and gas lease on property in Greenwood County. Later, fractional interests in the lease were assigned to various parties, including seventeen nonresident appellees herein. The assignments provided that Pay Rock retained operational rights and that it was to operate the lease. A producing well was drilled, and in November, 1953, Pay Rock filed an action to partition the lease. Personal service was had on appellant Riley, a co-owner, and publication service was had on the seventeen nonresident appellees. Riley elected to take the property at its appraised value and commenced to operate and manage it without the consent of the nonresident owners. Later, they, under G. S. 1949, 60-2530, moved to vacate and set aside the judgment, such application being supported by an affidavit and answer of each. After due notice of the hearing of this application all parties except Pay Rock appeared and argued the matter. In February, 1955, the judgment in the partition action was vacated

and set aside. Appellant Riley continued to operate the lease contrary to the wishes of the nonresident appellees. In May, 1955, Riley filed an action to partition the lease, and shortly thereafter the nonresident appellees, through their·counsel, filed an application for the appointment of a receiver pursuant to the provisions of G. S. 1949, 60-1201. Riley filed a motion to strike the application. This motion was denied, and in July, 1955, the court made an order appointing a receiver. Riley has appealed.

It is contended the court erred in overruling the motion to strike the application for the appointment of a receiver and erred in appointing a receiver. The allegations of the application will not be detailed. We have examined them and are of the opinion they were sufficient under the *First* portion of G. S. 1949, 60-1201.

With respect to whether the court erred in appointing a receiver the chief complaint appears to be that inasmuch as the application for the appointment was verified by counsel on information and belief only, it was insufficient under the rule laid down in *State, ex rel., v. Molitor*, 175 Kan. 317, 263 P. 2d 207.

This contention is without merit and cannot be sustained.

The Moliter case was an *ex parte* proceeding and for the reasons stated in the opinion it was held that under the circumstances disclosed an application for the appointment of a receiver verified on information and belief only, was insufficient to authorize the appointment. Such, however, is not the situation before us. Here the parties were in court and were given every opportunity to present evidence on the question. The court had the entire matter before it and was familiar with the contentions of the various owners of the lease in question. In fact, it heard testimony as to the operations of similar receiverships, all of which had a bearing on the advisability of appointing a receiver in the case under consideration. We find no error in the record and the judgment is affirmed.